IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. NEALEN,                          )
                                         )
            Appellant/Debtor,            )        CIVIL ACTION NOS. 3:2008-187
                                         )                          3:2008-188
    v.                                   )
                                         )
RHONDA J. WINNECOUR,                     )        JUDGE GIBSON
                                         )
            Appellee/Trustee.            )

## MEMORANDUM OPINION and ORDER OF COURT

This matter comes before the Court of the Appellant/Debtor's *pro se* Notice of Appeal at Civil

Action Number 3:2008-187 dated April 8, 2008 noticing his intent to appeal the March 18, 2008 Order

of the Bankruptcy Court (Bankruptcy No. 07-bk-71235, Document No. 53), which ordered the matter

dismissed without prejudice. Judge Jeffrey A. Deller later addressed this notice of appeal through a

June 13, 2008 hearing (Bankruptcy No. 07-bk-71235, Document No. 65) and a Memorandum Order

in which he concluded that the notice of appeal was an appeal to this Court and not the Court of Appeals

for the Third Circuit. Judge Deller in page five his Memorandum Order dated June 24, 2008

(Bankruptcy No. 07-bk-71235, Document No. 66) notes both that a proposed appeal to the Court of

Appeals would have already been untimely and also that it is this Court which must review Mr.

Nealen's appeal. Clearly Mr. Nealen's appeal was untimely when originally set to paper on April 8,

2008 because it was in excess of ten days after the date of issuance of the order of Judge Deller that he

wished to appeal, which was dated March 18, 2008. It is recognized that an untimely appeal causes a

jurisdictional defect that prevents an appeal. *In re Universal Minerals, Inc.*, 755 F.2d 309, 310-311(3d

Cir. 1985).

Also before this Court is the Appellant's *pro se* Notice of Appeal at Civil Action Number 3:2008-188 regarding his bankruptcy petition at Bankruptcy Number 08-bk-70240. That petition was filed March 11, 2008, but followed a similar course, including the Appellant's failure to file necessary paperwork with the Bankruptcy Court. The Appellant filed an untimely notice of appeal on May 23, 2008 for the order of dismissal entered on April 22, 2008. Bankruptcy No. 08-bk-70240, Document Nos. 17, 11 respectively. Judge Deller considered this notice of appeal as well in the June 13, 2008 hearing before him. Bankruptcy No. 08-bk-70240, Document No. 21. Eventually, Judge Deller also interpreted this notice of appeal as one to be addressed by this Court, and not the circuit court. Bankruptcy No. 08-bk-70240, Document No. 22

Although permission to proceed *in forma pauperis* is not as easily granted in bankruptcy matters as criminal appeals or civil actions, *see In re Stephenson*, 205 B.R. 52, 59-60 (Bkrtcy. E.D.Pa. 1997), the Court will grant the appellant *in forma pauperis* status in order to permit these two appeals to proceed without requiring the filing fee of $255 for either of them.

Despite the confusing procedural history, this Court sitting as an appellate court believes that the Plaintiff's appeals should be considered timely because of delay resulting from the actions taken by Judge Deller in conducting a hearing in an attempt to understand the appellant's intent in appealing. Nevertheless, the Plaintiff has failed to prosecute his appeals. He has only performed one act in furtherance of his appeals-the *pro se* filing of two notices of appeal.

Dismissal of an appeal to the District Court in a bankruptcy matter for failure to prosecute is permitted under Federal Rule of Bankruptcy Procedure 8001. However, in this circuit, such action should be taken only after the balancing of six factors:

(1) the extent of the party 's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).[1]

First, the Plaintiff, despite proceeding *pro se*, is personally responsible for the failure to file briefs and designate a record in support of his appeals. It has been over eight months since these appeals have been docketed. Not one request for an extension of time of deadlines was ever filed. Second, to permit the appeals to go forward would prejudice the appellee as she cannot respond to arguments of which she is unaware. Third, these matters have been accompanied by dilatoriness of the Appellant both at this appellate level and at the bankruptcy level for his continued need for more time and failure to appear at the bankruptcy court for hearings and his failure to file what is ordered or what is required of him by the national and local rules of procedure. Fourth, it does not appear that the Appellant's actions are committed willfully or in bad faith inasmuch as he is proceeding *pro se* in these matters and his ignorance of the law contributes to his lack of understanding of these proceedings. Fifth, no alternatives to dismissal of the appeals exist as the Plaintiff appears to be without sufficient means to satisfy a monetary sanction and such a sanction would appear to be inappropriate and harsh for a failure to file briefs by a *pro se* appellant; no costs or expenses can be imposed based upon losses of the appellee as she has not taken any action. Sixth, as to the merits of the appeals, the appellate issues are unclear at this time and dismissal of both appeals stem from the Appellant's failure to file

---

[1]The Court of Appeals for the Third Circuit balanced these factors in the non-precedential opinion reviewing an appeal of a bankruptcy in the matter of *In re Richardson Indus. Contractors, Inc.*, 189 Fed. Appx. 93 (3d Cir. 2006).

necessary schedules with the bankruptcy court and filing fees, not a legal issue or factual dispute. *See* Document No. 52, Bankruptcy No. 07-71235. Therefore, weighing these six factors, and despite the lack of legal representation for the Plaintiff, the Court will dismiss these appeals without prejudice as it cannot see any issue worthy of a meritorious appeal and the Court is unable to understand or even assume what the Plaintiff seeks to raise in his appeals absent prosecution of it by briefing.

These dismissals are also permitted under the dictates of Local Bankruptcy Appellate Rule of Court 8007-2.


**AND NOW**, this 26th day of March, 2009, in accordance with the foregoing analysis, IT IS HEREBY ORDERED THAT the Appellant's appeals docketed at Civil action Numbers 3:2008-187 and 3:2008-188 are DISMISSED WITHOUT PREJUDICE for his failure to prosecute these appeals.


**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

4